IN THE TWENTY FIRST JUDICIAL CIRCUIT, STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

| | |
|---|---|
| LOVETHELOU, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: |
| GUIDEONE ELITE INSURANCE COMPANY, | ) ) ) TRIAL BY JURY DEMANDED |
| Defendant. | ) ) |

**PLAINTIFF'S PETITION FOR BREACH OF
CONTACT AND VEXATIOUS REFUSAL TO PAY**

**COMES NOW**, the Plaintiff, LOVEtheLOU ("Plaintiff"), by through their undersigned counsel, The Law Offices of Frederick W. Nessler & Associates, PLLC, and in complaining of the Defendant, GUIDEONE ELITE INSURANCE COMPANY, Plaintiff alleges and states as follows:

**PARTIES AND VENUE**

1. At all times material hereto, Plaintiff owned real property located at 1421 N. Taylor Avenue, St. Louis, Missouri 63113.

2. At all times material hereto, Defendant, GUIDEONE ELITE INSURANCE COMPANY ("Defendant"), was a for-profit foreign corporation located at 1111 Ashworth Road in West Des Moines, Iowa 50265-3538, who engaged in the business of providing insurance coverage to property owners located in St. Louis County, Missouri.

3. Venue is proper pursuant to Mo. Rev. Stat. §508.010 as the disputes at issue occurred in St. Louis County, Missouri.

1

## GENERAL ALLEGATIONS

4. Plaintiff is the owners of real property located at 1421 N. Taylor Avenue, St. Louis, Missouri  63113 (the "Property").

5. At the time of loss, Plaintiff maintained a policy of insurance covering the Property for wind and/or hail damage beginning April 27, 2023, and ending April 27, 2024, policy numbered 01-0031-881 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A.**

6. On or about July 29, 2023, Plaintiff's Property was damaged as a result of wind and/or hail.

7. Plaintiff promptly notified Defendant of the loss.

8. Defendant accepted coverage of Plaintiffs' claim and assigned claim number AA185929 to said claim.

9. Shortly after being notified of the loss, Defendant inspected the subject Property and provided a minimal, undisputed payment.

10. Defendant's initial undisputed payment does not take into account the totality of repairs needed at the subject Property.

11. On July 22, 2024, Defendant continued to undervalue Plaintiff's claim based on an alleged exclusions within the policy.

12. Specifically, Defendant claims that the damages to Plaintiff's Property are a result of a "wear and tear" that existed over an extended period of time prior to the subject date of loss. However, Defendant has failed to provide Plaintiff with any facts or opinions from any expert or other individual that the damage occurred for any reason other than the wind and/or hail damage sustained on or about July 29, 2023.

13. In fact, during Defendant's investigation it became evident to Defendant that Plaintiff's loss was caused by wind and/or hail damage sustained on or about July 29, 2023.

14. Unfortunately, Defendant, even after becoming aware of this information has continued to deny Plaintiff's claim.

15. All conditions precedent to obtaining coverage for the subject loss have been complied with, met, or waived.

## COUNT I – BREACH OF CONTRACT

16. Plaintiff re-alleges and re-incorporates Paragraphs 1 through 15 above as if fully set forth herein.

17. Plaintiff and Defendant are parties to a valid and binding contract for insurance which requires Defendant to provide benefits to Plaintiff in the event of a covered loss to the Property.

18. Upon information and belief, Plaintiff has suffered a covered loss under the Policy.

19. Defendant has denied Plaintiff's claim and refuses to provide benefits due to Plaintiff to restore the Property to its pre-loss condition.

20. Defendant has breached the Policy by failing to pay for all benefits to which Plaintiff are entitled to for the loss.

21. Plaintiff has been damaged by Defendant's breach of the insurance contract.

22. Plaintiff is entitled to compensation for Defendant's breach of contract.

**WHEREFORE**, Plaintiff, LOVEtheLOU, demands judgment against Defendant, GUIDEONE ELITE INSURANCE COMPANY, for:

A. All damages to which Plaintiffs are entitled to which is in excess of $50,000.00; and

B. Any such other relief this Court deems just and proper.

## COUNT II – VEXATIOUS REFUSAL TO PAY  §§ 375.296 and 375.420

COMES NOW Plaintiff LOVEtheLOU for its cause of action against Defendant, GUIDEONE ELITE INSURANCE COMPANY, (herein after " Defendant") in Count II, and state as follows:

23. Plaintiff re-alleges and re-incorporates Paragraphs 1 through 22 above as if fully set forth herein.

24. That on or about July 29, 2023, Plaintiff was insured under the policy number 01-0031-881 of Defendant and that said policy was in full force and effect at all time relevant herein.

25. That included in said policy of insurance is a provision for limits of insurance benefits whereby Defendant insurance company is to pay up to ONE MILLION DOLLARS ($1,000,000.00) for damage to the subject property which its insured is legally entitled to recover.

26. During the pendency of Defendant's investigation of the subject loss, Defendant became aware that Plaintiff's loss was a result of and hail and/or wind which damaged the subject Property.

27. Plaintiff timely submitted estimates for repair evidencing damages sustained to the subject property as a result of the July 29, 2023, storm event to Defendant prior to the filing of this lawsuit.

28. To date, Defendant has failed to provide benefits due to Plaintiff to restore the Property to its pre-loss condition.

29. That Defendant has not acted in good faith to effectuate prompt, fair, and equitable settlement, in violation of §375.1007 of the Unfair Claims Settlement Practices Act.

4

30.  That Defendant has compelled Plaintiff to institute a lawsuit to recover amounts due under the policy of insurance by offering substantially less that the full value of Plaintiff's claim, in violation of §375.1007 of the Unfair Claims Settlement Practices Act.

31.  That Defendant has attempted to settle Plaintiff's claim for less than the amount to which a reasonable person would believe the insured is entitled.

32.  The Plaintiff's have not been provided with a reasonable basis as to why said monies have not been promptly offered or paid.

33.  Defendant has acted in a vexatious and recalcitrant manner and failed to provide Plaintiff's a reasonable excuse for the delay in paying said claim.

34.  Plaintiff brings this cause of action for vexatious refuse to pay under Missouri Revised Statute Sections 375.296 and 375.420.

**WHEREFORE,** Plaintiff LOVEtheLOU demands judgment against Defendant, GUIDEONE ELITE INSURANCE COMPANY, for:

A.  All damages to which Plaintiff is entitled to which is in excess of $25,000.00;

B.  Court costs, expert fees, and attorneys' fees;

C.  Punitive damages; and

D.  Any such other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 17, 2025.                                      **LOVEtheLOU,**

                                                            s/ *Thomas J. Nessler*

Thomas J. Nessler, Esq.
Missouri State Bar No. 76502
THE LAW OFFICES OF FREDERICK W. NESSLER
& ASSOCIATES, PLLC

Electronically Filed - St Louis County - April 17, 2025 - 02:57 PM

1600 West Bay Drive
Largo, Florida 33770
727-333.3093 (Office)
727-333.7116 (Fax)
tjnessler@nesslerlaw.com
smullins@nesslerlaw.com – Secondary